the following opinion of the Court was pronounced by
Judge Roane.
“The Court is of opinion, that as the act of 1748, in relation to the erection of Court houses in the several Counties of this Commonwealth, was anterior to the acquisition of the lot, now in question, by the Court of Isle of Wight County, was a general law which all the County Courts were bound to take notice of, and con' *111 form to, and made it the duty of such Courts, in relation to Court houses thereafter to be erected, to purchase two acres of land for the purpose aforesaid ; (for the acquiring; and holding of which the said Courts respectively, and their successors, were made competent by the said act,-) it ought to be presumed, at this distance of time, that the title to the said lot was duly acquired by the Court of that County, although a deed may not have been made therefor, or may have been lost; (in which last case, an application to a Court of equity, to restore the said deed is equally proper;) and this the rather, as it is admitted by the appellees, that their ancestor, the tenant of the said land at that time, agreed to the erection of the public buildings thereon, in consideration of the enhancement of the value of his adjoining property. That agreement, although it may not have been evidenced by writing, being anterior to the Act of frauds, and founded on a valuable consideration, would have been binding in a Court of equity; even had it not been carried into complete execution, by the erection of the public buildings thereon, at the expense of the County, the holding the public buildings there for a great number of years, and the consequent enhancement of the value of the adjoining land. The Court is further of opinion, that the release of Thomas Smith, (under whom the appellees claim,) contained in the proceedings, being founded on a valuable consideration, (namely, the agreement and erection of the public buildings before mentioned,) is not only obligatory on the appellees, but even satisfies the provisions of the said Act of frauds; the clerk of the Court, in entering the said release of record, being, quoad hoc, the agent of both parties. On these grounds, and on that of the County Court of Isle of Wight having duly assigned their right to the premises to Francis Boykin, (under whom the appellants claim,)-by accepting the Court house erected by him, under the Act of fanaury, 1800, the Court is of opinion that the equitable title of the appellants to the said lot should be carried int® *112 effect; and that the said decree is erroneous ; therefore, it is decreed and ordered that the same be reversed and annulled, and that the appellees pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And this Court, proceeding to make such decree as the said Superior Court of Chancery ought to have pronounced, it is further decreed and ordered, that possession of the premises in question be delivered up to the appellants, that the rents and profits thereof be accounted for by the appellees, and that they release all their right in the premises to the appellants. And it is ordered that the cause be remanded to the said .Court of Chancery to be finally proceeded in pursuant to the foregoing opinion and decree.”